IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01834-BNB

REGINALD D. HODGES,

    Plaintiff,

v.

DENVER SHERIFF DEPARTMENT, "A List of Defendants That Will not Fix [sic] on Page."

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 27 2006

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

Plaintiff Reginald D. Hodges currently is held at the Denver County Jail in Denver, Colorado. On September 7, 2006, Mr. Hodges submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983.

The Court must construe the Complaint liberally because Mr. Hodges is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hodges will be ordered to file an Amended Complaint.

Mr. Hodges sets forth one claim alleging that he has been subjected to cruel and unusual punishment. Although the supporting facts in Plaintiff's claim for the most part are incredible, he does assert a possible physical injury caused by members of a "SWART" team. He further asserts that he has been threatened sexually and denied

access to the yard and to a telephone. On Page Seven of the Complaint form under Section "F. Administrative Relief," Plaintiff asserts that there is a grievance procedure where he is held, that he has exhausted the administrative remedies, and that he sent copies of his grievances with a lawsuit that he filed in this Court while he was on the "street." (Compl. at 7.) Plaintiff seeks money damages.

Mr. Hodges was instructed in a previous lawsuit filed in this Court, Case No. 06-cv-00270-BNB, that he may not sue Defendant Denver Sheriff's Department. The Denver Sheriff's Department is not a separate entity from the City and County of Denver and, thus, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claim asserted against the Denver Sheriff's Department must be considered as asserted against the City and County of Denver.

Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Hodges cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Plaintiff also must name Defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate how each named Defendant personally participated in the asserted claims. He may not refer simply in the caption to

a possible list of Defendants as he has done in the instant Complaint.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Hodges will be ordered to file an Amended Complaint that names as defendants the specific persons who allegedly violated his rights.

Further, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Plaintiff is confined in a jail. To the extent that the claims raised in this action relate to the conditions of the jail, Plaintiff must have exhausted all the available administrative remedies. Furthermore, § 1997e(a) "imposes a pleading requirement on

the prisoner." ***Steele v. Fed. Bureau of Prisons***, 335 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." ***Id.*** at 1211.

Plaintiff has failed to meet the ***Steele*** requirement. On September 21, 2006, Plaintiff submitted copies of grievances, but the grievances do not appear to relate to the claims that Plaintiff is raising. Even if the grievances did relate to the claims Plaintiff is attempting to raise it is not clear that Plaintiff has exhausted his administrative remedies. As for the grievances that Plaintiff asserts he attached to a previous lawsuit filed in this Court, the Clerk of the Court will be directed to send to Plaintiff copies of the grievances that he submitted in Case No. 06-cv-00270-ZLW so he may determine the relevance of the grievances to this case. Plaintiff is instructed that in the future he should keep for his records the original or at least a copy of any grievance he has submitted to jail or prison staff members.

Plaintiff also will be directed to state in the Amended Complaint how he has exhausted his administrative remedies. He either may state with specificity or attach copies of administrative proceedings describing how he has exhausted or attempted to exhaust his administrative remedies with respect to the claims he raises in his Amended Complaint. Accordingly, it is

ORDERED that Mr. Hodges shall file, **within thirty days from the date of this Order,** an Amended Complaint, in keeping with this Order, that clarifies how each Defendant personally participated in the asserted constitutional violation and that states how Plaintiff has exhausted his administrative remedies. It is

4

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Hodges, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Mr. Hodges submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Mr. Hodges fails to file **within thirty days from the date of this Order** an Amended Complaint that complies, to the Court's satisfaction, with this Order the action will be dismissed without further notice. It is

FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff a copy of Document No. 15 in Case No. 06-cv-00270-ZLW.

DATED September 27, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  06-cv-01834-BNB

Reginald D. Hodges
Prisoner No. 1500426
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** and two copies of **Prisoner Complaint** to the above-named individuals on 9/27/06

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk